### PROSECUTION FOR UNLAWFUL SALE OF LIQUOR.

Common Pleas Court of Licking County.

WILLIAM A. OSBORN ET AL v. STATE OF OHIO.

Decided, 1918.

*Intoxicating Liquors—Affidavit Charging Unlawful Sale of—Not Insufficient for Failure to Locate Premises.*

An affidavit which charges the unlawful sale of intoxicating liquor in a county or township in this state which are named, and on and between certain dates which are named, is not open to attack on the ground that the place where the alleged sales were made is not specified.

*W. E. King,* for plaintiffs in error.

*Russell M. Knepper,* Assistant to the Attorney-General, contra.

FULTON, J. (orally).

This case is submitted to the court upon a petition in error. There is no bill of exceptions. It is insisted that the judgment

of the mayor of the village of Hebron should be reversed because of a defect in the affidavit which was filed before the mayor charging the unlawful sale of intoxicating liquor.

The question raised by the argument is that because this affidavit does not state the particular place where it was claimed liquor was sold, contrary to the statute, it is insufficient. The claim is that the Constitution provides a defendant shall be notified in full of the charge made against him. The affidavit reads in this way:

"That from the 27th day of July, A. D. 1917, until the 2d day of August, A. D. 1917, in the township of Licking, state of Ohio, one W. A. Osborn and Edward Merchant were then and there the unlawful keepers of a place where intoxicating liquors to-wit, beer and whisky, were then and there sold, furnished and given away by the said W. A. Osborn and Edward Merchant in violation of the act of the General Assembly of the state of Ohio with reference to the sale of intoxicating liquors, to the common nuisance of the citizens and people of the state of Ohio, and contrary to Section 13195 of the General Code and against the peace and dignity of the state of Ohio."

It is claimed that the affidavit is defective in that it is insufficient; that it does not notify Osborn and Merchant of what the state claims against them; that is, it does not notify them of the place where it is claimed that this liquor was sold contrary to law.

Now, how is that? It says: That from the 27th day of July, A. D. 1917, until the 2d day of August, A. D. 1917, in the township of Licking, state of Ohio, one W. A. Osborn and Edward Merchant were then and there the unlawful keepers of a place where intoxicating liquors, to-wit, beer and whisky, were then and there sold, furnished and given away, by the said W. A. Osborn and Edward Merchant in violation of the act of the General Assembly of the state of Ohio.

Section 13195 says: Whoever keeps a place where intoxicating liquors are sold, furnished or given away in violation of law shall be fined, and so on. Then it goes on to state what shall be done in case of a second conviction, and so on. It is not claimed that there was anything done incorrectly here, or wrong-

ly, by the mayor, except that the affidavit is not sufficient to notify these men of what is charged against them by the state of Ohio, in that the place is not designated. The township where it is claimed the offense was committed is designated, and the mayor found them guilty on the evidence. I do not know what the evidence showed. There is no evidence here, but the presumption is, they were found guilty by evidence clearly disclosing that they were guilty of the charge in the affidavit; that is, that they were keeping a place in Licking county where beer and whisky were sold contrary to the act of the General Assembly. Section 13588 reads:

"An indictment need not allege the kind of liquor sold, nor describe the place where sold in violation of the following laws; namely: 1. Keeping a place where intoxicating liquors is sold in violation of law," etc.

Now, it is claimed in the argument that that section is in violation of the Constitution; that the Constitution requires the defendant shall be notified of the nature of the crime against him. That is so. But is not this affidavit sufficient in that respect? Would it be claimed that you would have to charge on what street the offense was committed? Suppose it was in Newark, and a man was alleged to be selling contrary to law. If you stated that he was selling contrary to law in the city of Newark, wouldn't that be sufficient? The court thinks it would. I have not the testimony, and I do not know what the testimony shows, but it is not claimed the testimony itself was not sufficient to warrant a conviction, but that the affidavit upon which this conviction was had is insufficient. The court will affirm the judgment. There may be exceptions.